**William Frank PARKS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 9660.**

United States Court of Appeals
Tenth Circuit.

Jan. 17, 1968.

L. David Pomeroy, Oklahoma City, Okl., for appellant.

John E. Green, Asst. U. S. Atty., Oklahoma City, Okl. (B. Andrew Potter, U. S. Atty., Oklahoma City, Okl., with him on brief), for appellee.

Before WOODBURY,[*] BREITENSTEIN and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

Appellant Parks was found guilty of receiving, retaining and concealing a United States Postal Money Order having a value of $20.00, and of unlawfully and willfully passing, uttering and publishing the money order, with intent to defraud, knowing that a material signature and endorsement thereon was false, forged and counterfeited, in violation of 18 U.S.C. §§ 500, 641.

The sole issue raised by this appeal concerns the admission of the testimony of investigating officers which related a Parks' statement that other money orders missing after a theft from the same post office had been buried someplace in Kansas. Parks contends this statement was involuntarily given because it was obtained by trickery, fraud and promises which raised false hopes.

The investigators testified they interviewed Parks after they had specifically advised him of each of his constitutional

[*] Senior Circuit Judge of the First Circuit, sitting by designation.

rights. When the investigators were asked what, if anything, Parks told them about the other money orders missing from the post office, objection was made and a hearing outside the presence of the jury was held to determine the admissibility of the testimony. In the admissibility hearing, the investigators testified that Parks had been orally advised of his rights and that a written waiver of rights was presented to him which he refused to sign. During the hearing, Parks testified in his own behalf; the only claim he made was that he had not been advised of his rights. Parks did not testify that he had been tricked, defrauded or that the investigators had made any promises to him. The issue of promises and false hope was raised by defense counsel during cross-examination of the investigators. The investigators did testify that the accused asked them to help in getting a more serious state charge dismissed; however, both investigators testified, in the side-bar hearing as well as before the jury, that they advised the accused they could do nothing about his request. The court determined that the statement was voluntarily made and permitted the evidence to go to the jury. The jury was instructed of its prerogative to accept or reject the statement after carefully scrutinizing the circumstances relative to the voluntariness which surrounded the making of the statement.

The statement tends to connect Parks with a crime but it does not go so far as to constitute an admission of guilt of the crime charged. See, 3 Wigmore, Evidence § 821, et seq. (3rd ed. 1940). The court, however, cautiously proceeded under the teaching of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) by considering the statement at a side-bar hearing, determining its admissibility, and then instructing the jury of its prerogative. Thus, the trial court and the jury appropriately considered the issue of this case and each found against the accused. Further, an examination of the entire record discloses the trial court cautiously proceeded in all respects to protect the rights of Parks and assure a fair trial.

Affirmed.